## THE MANHANSET.

### NELSON v. THE MANHANSET.

#### (District Court, E. D. New York. December 27, 1892.)

NEGLIGENCE — PERSONAL INJURY — ABSENCE OF LIGHT AT WINCH — FELLOW SERVANT—ACT IN EXTREMIS.

Libelant stepped into a snarl in the fall of a winch on the deck of a ship, and was drawn into the winch and injured. It was after dark, and there was no light by the winch. After libelant was caught, the man at the winch attempted to stop it, but in his excitement made it go faster. *Held*, that the absence of a light constituted such negligence as rendered the ship liable, and that the act of the winch man in increasing the speed of the machine was an act in extremis, and did not contribute to the accident.

In Admiralty. Libel by Peter Nelson against the steamship Manhanset to recover damages for personal injuries. Decree for libelant.

E. G. Davis, for libelant.
Convers & Kirlin, for claimant.

BENEDICT, District Judge. The personal injuries to the libelant, for which he seeks to recover in this action, arose out of his stepping into a snarl in the fall of the winch, which lay upon the deck of the steamer. The fall was not observed by him, because the winch was running after dark, without a light placed so as to enable the fall to be seen by one walking along the deck, and when he stepped into the snarl his leg was drawn into the winch and severely injured. In my opinion, the failure to have a light by the winch, when running after dark, was the cause of the libelant's injury, and was negligence which renders the ship liable for the injury to the libelant resulting therefrom. The act of the man who was running the winch, in making the winch go faster, instead of stopping it, when alarm was given that the libelant was caught in the fall, was an act in extremis, caused by alarm at the dangerous situation of the libelant when caught by the fall. It cannot be held to be a fault of the man at the winch, which contributed to the disaster. The fright of the man at the winch, which caused him to run the winch faster, when it should have been stopped, was one of the results of the failure to provide a light at the winch, and for which the ship is responsible. Let a decree be entered in favor of the libelant, and an order of reference to ascertain the amount of his damages.